Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (310) 709-4012

James S. Terrell, Esq. SBN 170409
jim@talktoterrell.com
115411 Anacapa Road
Victorville, CA 92392
Telephone: (760) 561-2699
Facsimile: (760) 952-1085

Sharon J. Brunner, Esq. SBN 229931
Sharon.j.brunner@gmail.com
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 101
Victorville, CA 92392
Telephone: (760) 243-9997
Facsimile: (760) 843-8155

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCES ENYART, Individually, and as Successor in Interest to WILLIAM ENYART, GREGORY ENYART, as an Individual, and AMANDA KELLEY as GUARDIAN AD LITEM TO A.E.,

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO, AARON CONLEY, DEPUTY C. UMPHLETT, ROD SKAGGS, DEPUTY SNOW, DEPUTY SILVA, and DOES 1-10, inclusive,

Defendants.

Case No. 5:23-cv-00540-RGK-SHK

**PLAINTIFFS' NARRATIVE STATEMENT AND QUALIFICATIONS OF EXPERTS AND EXPECTED TESTIMONY**

**1. Roger A. Clark – Jail Practices Expert**

Roger A. Clark has been an expert in correctional practices and procedures for over 30 years. Mr. Clark has been certified by Federal and State courts as expert in jail and police procedures. He has consulted in approximately 2,400 cases since his retirement from the Los Angeles County Sheriff's Department in 1993.

Mr. Clark will testify in accordance with the opinions set forth in his Rule 26 report. Mr. Clark is expected to testify concerning proper law enforcement and jail practices and procedures, as well as the generally accepted standards and relevant County policies. He will also testify regarding whether the actions and/or omissions of the Defendants were consistent with nationally accepted standards, Defendants' own policies and procedures and whether the officers' actions and/or omissions complied. Specifically, Mr. Clark will opine on matters regarding the interaction with and observations of William Enyart; as well as the actions and inactions of Defendants when weighed against the nationally recognized procedures and protocols. Mr. Clark will also testify regarding reasonable and POST standards for deputies confronted with an inmate known to be (or will be) in medical distress. Mr. Clark will also offer opinions regarding the County's custom and practice of not conveying critical medical information to jail medical staff, as well as the County's corresponding failure to train its employees to meet the reasonable standard of care from a correctional standpoint. Mr. Clark will also testify in rebuttal to any experts called by Defendants in this case, or in response to the testimony of any witnesses who may provide lay opinions or other testimony on the above-referenced subject matters.

**2. Dr. Homer D. Venters – Correctional Medical/Forensics Expert**

Homer D. Venters, M.D. is a Correctional Medical/Forensic Expert. Dr. Venters worked for Correctional Health Services for the New York Department of Health and Mental Hygiene for nearly a decade, finishing his time there as Assistant Commissioner. In 2017, Dr. Venters became the Director of Programs

for Physicians for Human Rights. In 2021, he was selected to be a part of the Biden-Harris COVID-19 Health Equality Task Force. Dr. Venters currently serves as a correctional health monitor for the U.S. Department of Justice.

Dr. Venters will testify in accordance with the opinions set forth in his Rule 26 report. Specifically, Dr. Venters will provide testimony regarding Mr. Enyart's medical distress, complications, and resulting medical conditions. Dr. Venters will offer testimony regarding medical causation (and damages) based on the County's failure to timely provide/summon adequate medical care. Dr. Venters will also provide general testimony regarding alcohol withdrawal in relation to Mr. Enyart's medical distress.

Dr. Venters will also opine on the actions or omissions of Defendants and the implications of those actions or omissions in the context of the standard of medical care in correctional facilities; the level and appropriateness of care provided by Defendants, or that should have been provided, to William Enyart within the San Bernardino County Jails; systemic and institutional deficiencies related to the provision of medical care, the relay medical information (or failure thereto), the policies and procedures that govern at the San Bernardino County jails; the nature and extent of the injuries suffered by William Enyart; the cause of those injuries; and the general applicable standards of care in a correctional setting as it relates to the individual Defendants and the County. Dr. Venters will also offer opinions regarding the County's custom and practice of not conveying critical medical information to jail medical staff, as well as the County's corresponding failure to train its employees to meet the reasonable standard of care. Dr. Venters will also testify in rebuttal to any experts called by Defendants in this case, or in response to the testimony of any witnesses who may provide lay opinions or other testimony on the above-referenced subject matters.

/ / /

/ / /

**3. Dr. Mario San Bartolome – Addition Medicine Expert**

Mario San Bartolome, MD, MBA, MRO, FASAM is an experienced addiction medicine expert. He is triple board certified in addiction medicine, preventive medicine, and family medicine, with a subspecialty in addiction medicine. He is licensed to practice medicine in the State of California and is a faculty advisor for American Society of Addiction Medicine training other primary care providers how to treat patients with substance use disorders. In addition to his work as addiction medicine expert, in a clinical setting, Dr. San Bartolome continues to treat approximately 50 patients per week for substance use disorders.

Dr. San Bartolome is expected to testify regarding the actions or omissions of Defendants and the implications of those actions or omissions in the context of addiction medicine, generally and in correctional facilities. Dr. San Bartolome will opine on the level and appropriateness of care provided, or that should have been provided, and William Enyart's prognosis had such care been provided to within the San Bernardino County Jails. Dr. San Bartolome is also expected to testify regarding the systemic and institutional deficiencies related to the provision of medical care, addiction medicine, and the relay medical information (or failure thereof) at the San Bernardino County jails; the nature and extent of the injuries suffered by William Enyart; the cause of those injuries; the extent of the pain and suffering that results from those injuries, the cause of death, the County's custom and practice of not conveying critical medical information to jail medical staff, as well as the County's corresponding failure to train its employees to meet the reasonable standard of care, and to all other matters and subjects set forth in the expert's Federal Rule of Civil Procedure 26(a)(2)(B) report. Dr. San Bartolome will also testify in rebuttal to any experts called by Defendants in this case, or in

/ / /

/ / /

/ / /

response to the testimony of any witnesses who may provide lay opinions or other testimony on the above-referenced subject matters.

May 1, 2024

Respectfully submitted,

**PHG LAW GROUP**

/s/ Danielle R. Pena

Danielle R. Pena, Esq.
dpena@PHGLawGroup.com
Attorney for Plaintiffs