Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:   (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (310) 709-4012

James S. Terrell, Esq. SBN 170409
jim@talktoterrell.com
115411 Anacapa Road
Victorville, CA 92392
Telephone:  (760) 561-2699
Facsimile:   (760) 952-1085

Sharon J. Brunner, Esq. SBN 229931
Sharon.j.brunner@gmail.com
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 101
Victorville, CA 92392
Telephone:  (760) 243-9997
Facsimile:   (760) 843-8155

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES ENYART, Individually, and as Successor in Interest to WILLIAM ENYART, GREGORY ENYART, as an Individual, and AMANDA KELLEY as GUARDIAN AD LITEM TO A.E.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, AARON CONLEY, DEPUTY C. UMPHLETT, ROD SKAGGS, DEPUTY SNOW, DEPUTY SILVA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00540-RGK-SHK<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br>FPTC: May 6, 2024, 9:00 a.m.<br>Trial: May 21, 2024, 9:00 a.m.<br><br>Assigned to:<br>Honorable R. Gary Klausner<br>United States District Judge<br><br>Referred to:<br>Honorable Shashi H. Kewalramani<br>United States Magistrate Judge |

# I.

## PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*A.      Deputy Daniel Salcedo and Nurse Supervisor Rachel Collett Should be Precluded from Testifying at Trial due to Their Failure to Comply with Rule 26*

In their Memorandum of Contentions of Fact and Law, County Defendants set forth descriptions of key evidence they intend to use in opposition to Plaintiffs' claims.  The County proffered Deputy Daniel Salcedo and Nurse Supervisor Rachel Collett.  These two individuals never treated or interacted with Mr. Enyart.  Plaintiffs move to preclude their testimony at trial because Deputy Salcedo and Supervisor Collett will offer expert opinions regarding the County's policies and procedures as it applies to intoxicated inmates and available medical services.  Deputy Salcedo and Supervisor Collett should be precluded from testifying at trial because County Defendants never disclosed Deputy Salcedo or Supervisor Collett as an expert witness and never provided an expert report in this case as required by Federal Rule of Civil Procedure 26(a)(2)(B).

"[I]f the witness is testifying premised on his or her personal knowledge based on his or her own involvement in the dispute, he or she is a non-retained expert subject to the disclosure requirements of Rule 26(a)(2)(C), but a witness with no prior personal knowledge of the facts giving rise to the litigation is a retained expert subject to the disclosure requirements of Rule 26(a)(2)(B)."  *Carr v. Cnty. of San Diego*, No. 19-CV-1139 JLS (MDD), 2021 WL 4244596, at *4 (S.D. Cal. Sept. 17, 2021), *citing Jackson v. Officer Forman*, 2020 WL 6526373, at *2-3 (C.D. Cal. Oct. 15, 2020.)

In *Jackson,* the district court precluded testimony from a police practices witness, finding "Federal Rule of Civil Procedure 26 requires litigants to submit expert reports along with disclosures for retained experts only.  See Fed. R. Civ. P.

PLAINTIFFS' TRIAL BRIEF                                    5:23-CV-00540-RGK-SHK

26(a)(2)(B).  That rule does not apply to non-retained experts, provided that the non-retained witness only testifies from personal knowledge." *Jackson*, at *5, citing to *Prieto v. Malgor*, 361 F.3d 1313, 1318-19 (11th Cir. 2004) (barring testimony of non-retained expert on police practices who opined on officers' conduct that he did not personally observe, when expert did not submit 26(a)(2)(B) report).

In *Carr*, the district court struck the declaration of San Diego County Sheriff Lieutenant Cross because Cross did not provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B).  *Carr,* 2021 WL 4244596 at *5.  Although the County attempted to argue that Cross was a non-retained witness who did not have to provide a written report under Rule 26(a)(2)(C), the district court rejected that argument because Cross had no prior personal knowledge of the facts giving rise to the litigation.  *Id*. at *4.  *Accord Trulove v. D'Amico*, 2018 WL 1090248, at *3 (N.D. Cal. Feb. 27, 2018) (excluding expert opinions by police sergeant and chief under Rule 37 because "[n]either Chaplin nor Delaney had any personal knowledge about the events giving rise to the litigation, but were only given information later and asked to form opinions 'solely for the purposes' of the litigation . . . [b]oth Chaplin and Delaney were witnesses 'specially employed' to provide expert testimony in this matter, and required to provide reports under Rule 26(a)(2)(B).").

Here, Deputy Daniel Salcedo and Nurse Supervisor Rachel Collett had no personal interaction with Mr. Enyart and had no prior personal knowledge of the facts giving rise to this litigation.  Therefore, any opinions they offer would be expert opinions that should have been properly disclosed to Plaintiffs pursuant to Rule 26.

Furthermore, Defendants' failure to submit a Rule 26 expert report by Deputy Daniel Salcedo or Nurse Supervisor Rachel Collett is neither substantially justified nor harmless because Plaintiffs have no advanced noticed of what each witness will testify to and have no way of rebutting those opinions in their case-in-

3

1  chief when Plaintiffs experts will be called to testify.  See *Jackson v. Forman*, 2020

2  U.S. Dist. LEXIS 209848, *7 (C.D. Cal 2020) ("Plaintiff need not show prejudice

3  to enforce the well-established requirement that Defendant comply with Rule

4  26(a)(2)(B).")

5       B.     *Defendants are Not Entitled to Attorney's Fees if Defendants Prevail*

6       In their Memorandum of Contentions of Fact and Law, County Defendants

7  contend they are entitled to attorney's fees should they prevail pursuant to 42

8  U.S.C. 1988(b).  That is not the law in this circuit.

9       "A prevailing defendant in a civil rights action is not entitled to attorney fees

10  under § 1988 merely because the defendant prevails on the merits of the suit.

11  *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).  Under Section

12  1988, a prevailing defendant in a civil rights case is awarded attorneys' fees only in

13  those exceptional cases when the action is unreasonable, frivolous, meritless, or

14  without foundation, or when the plaintiff continues to litigate after it clearly

15  becomes so."  *Herb Hallman Chevrolet, Inc. v. Nash*, 169 F.3d 636, 645 (9th Cir.

16  1999) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, (1978).

17       Moreover, "the district court cannot engage in *post hoc* reasoning by

18  concluding that, because a plaintiff did not ultimately prevail, his action must have

19  been unreasonable or without foundation."  *Christiansburg Garment Co.*, 434 U.S.

20  at 421-22.  The *Christiansburg Garment* court reasoned,

21       This kind of hindsight logic could discourage all but the most airtight

22       claims, for seldom can a prospective plaintiff be sure of ultimate

23       success. No matter how honest one's belief that he has been the victim

24       of discrimination, no matter how meritorious one's claim may appear at

25       the outset, the course of litigation is rarely predictable.  Decisive facts

26       may not emerge until discovery or trial.  The law may change or clarify

27       in the midst of litigation.  Even when the law or the facts appear

28

questionable or unfavorable at the outset, a party may have an entirely
reasonable ground for bringing suit. *Id.* at 422.

"Defendants seeking attorneys' fees have the burden of establishing that the
action is frivolous or vexatious." *Klotz v. United States*, 602 F.2d 920, 924 (9th
Cir. 1979).  "Where each claim involved complex constitutional questions which
were not easily resolved, the trial court does not abuse its discretion in denying
attorneys' fees." *See Parks v. Watson*, 716 F.2d 646, 664 (9th Cir. 1983).

Based on this Court's Summary Judgment Order, and the proffered testimony
by Plaintiffs' retained experts, Defendants cannot satisfy their burden of
establishing that Plaintiffs' claims were unreasonable, frivolous, meritless, or
without foundation.  As such, Defendants request for attorney's fees upon
prevailing at trial should be denied.

## II.

## DEFENDANTS SHOULD BE PRECLUDED FROM ASKING QUESTIONS OR ELICITING TESTIMONY RELATED TO PRIOR ARRESTS OR CRIMINAL CHARGES THAT DID NOT RESULT IN A CONVICTION

Plaintiffs anticipate that Defendants will elicit testimony from the Enyart
family members regarding prior arrests and criminal charges levied against William
Enyart, or other members of the Enyart family, which did not result in a conviction.

Rule 404(b) of the Federal Rules of Evidence provides in relevant part:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character
of a person in order to show action in conformity therewith."  Rule 404 dictates that
the evidence must be probative of an issue other than character or propensity.
*United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993).  In addition, like all
other evidence, other-acts evidence must meet Rule 401 and 403 requirements.
Even if probative of a proper issue other than character or propensity, to be properly
admitted, other-acts evidence must be relevant, Federal Rule of Evidence 401, and
/ / /

PLAINTIFFS' TRIAL BRIEF                                          5:23-CV-00540-RGK-SHK

its probative value must not be substantially outweighed by unfair prejudice. Fed. R. Evid. 403.

Here, the circumstances of any previous arrest or criminal charge that did not result in a conviction do not have any tendency to prove or disprove any issues in this inadequate medical treatment case. Defendants should be instructed not to ask questions or elicit testimony pertaining to baseless criminal charges pertaining to any member of the Enyart family.

Moreover, focusing on unrelated criminal charges levied against William Enyart, or any member of the Enyart family, would cause confusion, mislead the jury, and waste time. Criminal charges that were dismissed are neither relevant nor probative of any issue in this case. Plaintiffs should not be forced to expend precious time and resources litigating a collateral issue that has no bearing on the issues in this case. For these reasons, reference to these criminal charges should be excluded under Federal Rules of Evidence 403.

If the Court is inclined to permit Defendants to engage in this line of questioning, the County should be required to make a showing of proof as to what charges and/or bad acts the County intends on eliciting testimony about, and establish why such testimony satisfies 404 and 403 requirements.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

The undersigned, counsel of record for Plaintiffs Frances Enyart, Gregroy Enyart, A.E. by and through her Guardian Ad Litem, Amanda Kelley, individually and as successor in interest to the Estate of William Enyart, (collectively "Plaintiffs"), certifies that this brief contains 1,479 words, which complies with the word limit of L.R. 11-6.1.  Additionally, counsel certifies that this brief contains less than 20 pages, which complies with the page limit of Judge Klausner's Standing Order.

**PHG Law Group**

Dated:  May 14, 2024                    by:   *s/ Danielle R. Pena*
                                                                    Danielle R. Pena, Esq.
                                                                    dpena@PHGLawGroup.com
                                                                    Attorneys for Plaintiffs

PLAINTIFFS' TRIAL BRIEF                    5:23-CV-00540-RGK-SHK