Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (310) 709-4012

James S. Terrell, Esq. SBN 170409
jim@talktoterrell.com
115411 Anacapa Road
Victorville, CA 92392
Telephone: (760) 561-2699
Facsimile: (760) 952-1085

Joseph M. McMullen, Esq., SBN 246757
joe@jmm-legal.com
Law Offices of Joseph M. McMullen
501 West Broadway, Suite 1510
San Diego, CA 92101
Telephone: (619) 501-2000
Facsimile: (619) 615-2264

Sharon J. Brunner, Esq. SBN 229931
Sharon.j.brunner@gmail.com
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 101
Victorville, CA 92392
Telephone: (760) 243-9997
Facsimile: (760) 843-8155

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES ENYART, Individually, and as Successor in Interest to WILLIAM ENYART, GREGORY ENYART, as an Individual, and AMANDA KELLEY as GUARDIAN AD LITEM TO A.E., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, AARON CONLEY, DEPUTY C. UMPHLETT, ROD SKAGGS, DEPUTY SNOW, DEPUTY SILVA, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-00540-RGK-SHK <br><br> **PLAINTIFFS' SECOND TRIAL BRIEF** <br><br> FPTC: May 6, 2024, 9:00 a.m. <br><br> Trial: May 21, 2024, 9:00 a.m. <br><br> Assigned to: <br> Honorable R. Gary Klausner <br> United States District Judge <br><br> Referred to: <br> Honorable Shashi H. Kewalramani <br> United States Magistrate Judge |

# I.

# **FACTUAL INTRODUCTION**

November of 2023, and in January of 2024, Plaintiffs served a Request for Production on County Defendants seeking medical policies related to alcohol withdrawals and detoxification. (Exhibits 1 and 2.) After several meet and confer discussions, County Defendants repeatedly represented that all responsive policies had been produced. (Exhibit 3.) Importantly, none of the policies produced by County Defendants were *medical* policies; rather, the policies produced were all correctional policies.

On May 16, 2024, *five days before trial*, County Defendants produced 157 medical policies, none of which included the actual alcohol withdrawal policy. (Exhibit 4.) However, there was an index produced with the 157 policies. The index indicates that an alcohol withdrawal policy does exist.

On May 16, 2024, Plaintiffs requested a discovery conference. Magistrate Kewalramani scheduled a conference for later that day at 2:00 p.m. Plaintiffs requested that the County be ordered to produce the alcohol withdrawal policy and other related medical policies. The Magistrate ordered the County to produce all medical policies relevant to alcohol withdrawal and to provide a declaration from the chief medical officer averring that all relevant policies have been searched for and produced by close of business on May 17, 2024. (Exhibit 5.) Following the discovery conference, the Friday before a Tuesday trial call, County Defendants finally produced the alcohol withdrawal policy.

On that same day, County Defendants provided their amended exhibit list. County Defendants marked 10 *medical* policies as exhibits they intend to use at trial. (Exhibit 6.) Because of the highly relevant nature of these medical policies, Plaintiffs will also rely on some of 10 medical policies, and others, in their case-in-chief. However, County Defendants should not be permitted to violate the discovery rules, produce five days before trial highly relevant evidence Plaintiffs

repeatedly requested during discovery last year and this year, and use that evidence at trial *without* consequence.

Accordingly, pursuant to Rule 37(c)(1), <u>Plaintiffs seek the following sanctions</u>:

1. To permit Plaintiffs' experts to offer opinions relating to the 10 medical policies[1];
2. To admit the date Request for Production No 10. And No. 29 were propounded, the date of County Defendants response, and the date of the chief medical officer's declaration; and
3. To inform the jury that County Defendants falsely stated all relevant policies had been produced to Plaintiffs and withheld its alcohol withdrawal policy until five days before trial.

## II.
## **<u>DEFENDANTS SHOULD BE SANCTIONED PURSUANT TO RULE 37(c)(1)</u>**

A.   <u>The Legal Standard for Rule 37 Sanctions</u>

Rule 34, which allows any party to request the inspection or production of documents from another party, is one of the primary discovery tools available to litigants in the federal courts. *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655 (C.D. Cal. 2005). In responding to requests under Rule 34, "[a] party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses." *Nat'l Acad., of Recording Arts & Sciences, Inc. v. On Point Events, L.P.*, 256 F.R.D. 678, 680 (C.D. Cal. 2009); *Vetstem Biopharm, Inc. v. Cal. STEM Cell Treatment Ctr., Inc.*, 2023 U.S. Dist. LEXIS 181547, *24 (C.D. Cal. 2023.)

---

[1] The parties have met and conferred on this issue. The parties agree to permit Plaintiffs' experts to provide opinions related to the medical policies and to be examined on such opinions.

Federal Rule of Civil Procedure 26(e) imposes a duty on a party to supplement or correct prior discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). This affirmative duty continues "even after the discovery cut-off date." *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 933 (N.D. Cal. 2013); see also *Sanders v. Univ. of Idaho Coll. of Law*, 2022 U.S. Dist. LEXIS 19012, at *3 (D. Idaho 2022) (collecting cases).

Federal Rule of Civil Procedure 37(c)(1) "authorizes a court to sanction a party for failing to produce information required by Rule 26(a) or (e)" by prohibiting that party from using "the withheld information at trial unless the failure was substantially justified or harmless." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335-36 (D. Ariz. 2022). Rule 37(c)(1) also permits courts to impose other sanctions, including "inform[ing] the jury of the party's failure," "designating facts be taken as established for purposes of the action," or "other appropriate sanctions." Fed. R. Evid. 37(c)(1)(A)—(B); Fed. R. Evid. 37(b)(2)(A)(i)—(vi).

In *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 354 (D. Az. 2022), the court permitted defendant to inform the jury pursuant to Rule 37(c)(1)(B) that plaintiff had withheld information in discovery. The court in *Fast* explained, blocking the use of information at trial is "no penalty when the withheld information is unfavorable to the party that failed to disclose it." *Id.* (citing Fed. R. Civ. P. 37(c)(1)(A)-(C)). See *K.J.P. v. County of San Diego*, 621 F. Supp. 3d 1097, 1143-44 (S.D. Cal. 2022) (jury properly informed of defendant's failure to supplement discovery); *N.W. v. City of Long Beach*, 2016 U.S. Dist. LEXIS 194469, at * 4 (C.D. Cal. 2016) (granting motion precluding defendants from introducing evidence at trial that was not produced in response to discovery requests and directing plaintiff to submit proposed adverse inference instruction that the undisclosed evidence would have been unfavorable to defendants); *Estakhrian v. Obenstine*, 2016 U.S. Dist. LEXIS 25376, at *12 (C.D. Cal 2016) (jury to be informed by

4

adverse inference instruction or in some other manner determined by District Court that defendant willfully and in bad faith refused to disclose to plaintiff relevant documents in his possession).

### B. Rule 37(c)(1) Sanctions Are Warranted

As this Court is aware, this case is about the failure to identify and treat Mr. Enyart for alcohol withdrawal, which directly and proximately resulted in Mr. Enyart's death. Accordingly, medical policies relating to alcohol withdrawal and alcohol detox are highly relevant in this case, which is why Plaintiffs requested the policies in November of 2023. Moreover, the relevant nature of these policies is apparent based on both parties' intent to use them at trial despite their belated production.

However, the County should not be permitted to violate the discovery rules, produce highly relevant evidence five days before trial, and use that evidence at trial *without* recourse. Because Plaintiffs intend to use some of these highly relevant medical policies during trial, *exclusion of the evidence is not appropriate in this case.*

### C. Defendants Failure to Timely Produce the Medical Policies is Not Substantially Justified or Harmless

The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.* 548 F.3d 1197, 1213 (9th Cir.2008). In the May 16, 2024, email containing the 157 medical policies, Counsel for Defendants stated, "I am attaching what was sent to me last night in terms of policies. I'm not sure why it wasn't located before." (Exhibit 4.)

A delay may qualify as harmless as provided by Rule 37(c)(1) if it does not deprive the opposing party of the opportunity for discovery of what a witness or witnesses may say during trial testimony, or further discovery based on information that comes to light during witness depositions. *Padilla v. Beard*, 2017 U.S. Dist.

LEXIS 57064, *8-9 (E.D. Cal. 2017). Here, Defendants' eleventh-hour production is not harmless because Defendants have represented that they intend to affirmatively use the 10 medical policies with several percipient witnesses that treated Mr. Enyart. Defendants intend to elicit testimony regarding the existence of relevant medical policies and training on those policies. Plaintiffs did not have the opportunity to pursue discovery on this subject matter, such as serving special interrogatories and Requests for Productions regarding the treating providers' understanding and training of relevant medical policies. Furthermore, had the medical policies been produced in a timely fashion, Plaintiffs would have deposed the person most knowledgeable about said policies and training. This grossly belated production also denied Plaintiffs the appropriate time to strategize a counter-defense.

## II.
## CONCLUSION

Accordingly, Plaintiffs request the following sanctions pursuant to Rule 37 (c)(1):

1. To permit Plaintiffs' experts to offer opinions relating to the 10 medical policies;
2. To admit the date Request for Production No 10. And No. 29 were propounded, the date of County Defendants response, and the date of the chief medical officer's declaration; and
3. To inform the jury that County Defendants falsely stated that all relevant policies had been produced to Plaintiffs, and withheld its alcohol withdrawal policy until five days before trial.

The undersigned, counsel of record for Plaintiffs Frances Enyart, Gregroy Enyart, A.E. by and through her Guardian Ad Litem, Amanda Kelley, individually and as successor in interest to the Estate of William Enyart, (collectively

"Plaintiffs"), certifies that this brief contains 1,423 words, which complies with the word limit of L.R. 11-6.1. Additionally, counsel certifies that this brief contains less than 20 pages, which complies with the page limit of Judge Klausner's Standing Order.

**PHG Law Group**

Dated: May 20, 2024

by: *s/ Danielle R. Pena*
Danielle R. Pena, Esq.
dpena@PHGLawGroup.com
Attorneys for Plaintiffs