FILED
CLERK, U.S. DISTRICT COURT

5/24/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JRE _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES ENYART, Individually, and as Successor in interest to WILLIAM ENYART, GREGORY ENYART, as an individual, and AMANDA KELLEY as GUARDIAN AD LITEM TO A.E.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, AARON CONLEY, DEPUTY UMPHLETT, ROD SKAGGS, and DEPUTY SNOW,<br><br>　　　　Defendants. | Case No. 5:23-cv-00540-RGK-SHK<br><br>**JURY INSTRUCTIONS GIVEN AT TRIAL** |

## JURY INSTRUCTION NO.

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO.** 2

When a party has the burden of proving any claim or affirmative defense by a
preponderance of the evidence, it means you must be persuaded by the evidence that the
claim or affirmative defense is more probably true than not true. You should base your
decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 3

You should decide the case as to each party separately and as to each cause of action separately. Unless otherwise stated, the instructions apply to all parties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO.      4

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits that are admitted into evidence; and

(3)    any facts to which the lawyers have agreed.

# JURY INSTRUCTION NO.                    5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2

### JURY INSTRUCTION NO. 6

3
4
5
6
7
8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case , if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO.** 8

You have heard testimony from witnesses who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1
2

**JURY INSTRUCTION NO.** 9

3    The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983,
4 which provides that any person or persons who, under color of state law, deprives
5 another of any rights, privileges, or immunities secured by the Constitution or laws of the
6 United States shall be liable to the injured party.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

**JURY INSTRUCTION NO.** 10

3

4

5

6

In order to prevail on its § 1983 claim against Defendant County alleging liability based on a policy that fails to prevent violations of law by its employees or a failure to train its employees, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

7

8

9

    1.    the acts or failure to act of an employee of the County deprived the Decedent of his particular right to needed medical care under the Fourteenth Amendment to the United States Constitution;

10

    2.    an employee of the County acted under color of state law;

11

12

13

    3.    the policies or training of the County were not adequate to prevent violations of law by its employees to handle the usual and recurring situations with which they must deal;

14

15

16

    4.    the County was deliberately indifferent to the substantial risk that its policies or training were inadequate to prevent violations of law by its employees; and

17

18

19

20

21

    5.    the failure of the County to prevent violations of law by its employees caused the deprivation of the decedent's rights; that is, the Defendant's failure to prevent violations of law by its employees played a substantial part in bringing about or actually causing the injury or damage to the Decedent.

22

23

24

25

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the employees of the County at issue in this case acted under color of state law.

26

27

28

A policy is a deliberate choice to follow a course of action made from among various alternatives by the County for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based

1    on a failure to implement procedural safeguards to prevent constitutional violations. To
2    establish that there is a policy based on a failure to preserve constitutional rights, the
3    plaintiff must show, in addition to a constitutional violation, that this policy amounts
4    to deliberate indifference to the Decedent's constitutional rights, and that the policy
5    caused the violation, in the sense that the municipality could have prevented the
6    violation with an appropriate policy.

7         "Deliberate indifference" is the conscious choice to disregard the consequences
8    of one's acts or omissions. The Plaintiff may prove deliberate indifference in this
9    case by showing that the facts available to the County put it on actual or constructive
10   notice that its failure to implement adequate policies was substantially certain to
11   result in the violation of the constitutional rights of persons such as the Decedent due
12   to the employees' conduct.

13        If you find that the Plaintiff has proved each of these elements, your verdict
14   should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one
15   or more of these elements, your verdict should be for the Defendant.

**JURY INSTRUCTION NO. \\**

In order to prevail on his § 1983 claim against the individual Defendants, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the individual defendants acted under color of state law; and

2. the acts of the individual defendants deprived the plaintiff of his particular rights under the United States Constitution, as explained in later instructions.

3. the individual defendants' conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the plaintiffs have proved each of these elements, your verdict should be for the plaintiffs. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO. 12

As previously explained, the Plaintiffs have the burden of proving that the Defendants deprived the Decedent of particular rights under the United States Constitution. In this case, the Plaintiff alleges the Defendants deprived the Decedent of his rights under the Fourteenth Amendment to the Constitution when they did not transmit information to medical personnel that was needed for proper medical care. Under the Fourteenth Amendment, a pretrial detainee has the right to be protected while in custody. In order to prove the Defendants deprived the Decedent of this right, the Plaintiff must prove the following adittional elements by a preponderance of the evidence:

1.    The defendant made an intentional decision regarding the conditions under which the plaintiff was confined;

2.    Those conditions put the plaintiff at substantial risk of suffering serious harm;

3.    The defendant did not take reasonable available measures to abate or reduce that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

4.    By not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable.

# JURY INSTRUCTION NO. 13

Plaintiffs claim that the Decedent was harmed by the negligence of the individual Defendants. To establish this claim, Plaintiffs must prove all of the following:

1.    That Defendants were negligent;

2.    That the Decedent was harmed;

3.    That the negligence of Defendants was a substantial factor in causing the Decedent's harm.

# JURY INSTRUCTION NO. 14

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Defendants' situation.

# JURY INSTRUCTION NO. 15

Defendants claim that the Decedent's own negligence contributed to his death. To succeed on this claim, Defendants must prove both of the following:

    1.    That the Decedent was negligent; and

    2.    That the Decedent's negligence was a substantial factor in causing his death.

If Defendants prove the above, the Decedent's damages are reduced by your determination of the percentage of the Decedent's responsibility. I will calculate the actual reduction.

**JURY INSTRUCTION NO.** 10

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

1

**JURY INSTRUCTION NO.** 17

2

3      Plaintiffs allege that they are entitled to compensation because of the wrongful
4  death of the Decedent. In order to prove their claim for wrongful death, Plaintiffs must
5  establish:

6      1. Wrongful conduct, including negligence or a constitutional violation, by the
7         Defendants

8      2. The resulting death of an individual

9      3. Damages consisting of pecuniary loss suffered by the heirs.

18

## JURY INSTRUCTION NO.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Decedent on any of the claims under Section 1983, you must determine the decedent's damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Decedent for any injury you find was caused by any defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**JURY INSTRUCTION NO.** 19

If you decide that Plaintiffs have proved their claim against the Defendants for the death of the Decedent you also must decide how much money will reasonably compensate Plaintiffs for his death. This compensation is called "damages."

Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.]

In determining Plaintiffs' loss, do not consider:

      1. Plaintiffs' grief, sorrow, or mental anguish;

      2. The Decedent's pain and suffering; or

      3. The poverty or wealth of Plaintiffs.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.

# JURY INSTRUCTION NO.     20

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO.** _2|_

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any other forms of social media. This applies to communicating with your family members, your employer, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# JURY INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**JURY INSTRUCTION NO.** 23

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.