Danielle R. Pena, Esq., SBN 286002
dpena@PHGLawGroup.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone:  (619) 826-8060
Facsimile:   (619) 826-8065

Grace Jun, Esq., SBN 287973
grace@gracejunlaw.com
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (310) 709-4012

Joseph M. McMullen, Esq., SBN 246757
joe@jmm-legal.com
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, CA 92101
Telephone:  (619) 501-2000
Facsimile:  (619) 615-2264

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES ENYART, Individually, and as Successor in Interest to WILLIAM ENYART, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>Defendants. | Case No. 5:23-cv-00540-RGK-SHK<br><br>**DECLARATION OF ATTORNEY JOSEPH MCMULLEN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

I, Joseph M. McMullen, declare:

    1.    I am co-lead trial counsel for Plaintiffs in the above-captioned action.

    2.    I was admitted to the State Bar of California in 2006 and have been a member in good standing ever since that time.  I am admitted in the Central, Eastern, Northern, and Southern Districts of California, the Eastern District of Michigan, as

well as the Sixth and Ninth Circuit Courts of Appeals. I have litigated cases in federal courts in California, Michigan, Nevada, and Texas, serving as lead or co-lead counsel in over 300 federal civil and criminal cases, including twenty-four federal trials in the Central, Eastern, Northern, and Southern Districts of California, and the District of Nevada.

3. I am the founding principal of the law firm the Law Offices of Joseph M. McMullen. The matters stated herein are stated of my own personal knowledge, except for any matters expressly stated on information and belief, which matters I believe true. I make this declaration in support of Plaintiff's application for an award of attorneys' fees and costs.

4. In this declaration, I set forth first a brief description of my background and professional experience before describing my work in this case.

5. I graduated with honors from Pomona College in May 2000 with a B.A. in Economics. After graduating, I joined Bain & Company, a top global management consultancy headquartered in Boston, Massachusetts that provides strategic advice to public, private and non-profit organizations, including several Fortune 500 companies. As an associate at Bain & Company, I worked directly with C-suite level officers and other managers of successful and well-known multinational corporations.

6. After the September 11th terrorist attacks and its aftermath, including the enactment of the USA Patriot Act, concerns about protecting our nation lead me to change course and matriculate at the University of Virginia School of Law. While at UVA Law, I received the "Best First-Year Oral Advocate Award," served on the Moot Court Executive Board, obtained a grant of asylum by an Immigration Judge in a contested hearing on behalf of a Cameroonian refugee tortured by members of the gendarmerie, and successfully argued an appeal before the United States Court of Appeals for the Fourth Circuit resulting in a published decision favorable to plaintiffs in lawsuits involving the Prison Litigation Reform Act. *Green v. Young*, 454 F.3d 405 (4th Cir. 2006).

7. In 2006, after graduating from UVA Law and passing the California Bar, I began work at Federal Defenders of San Diego, Inc as a trial attorney. I worked at Federal Defenders for four years, litigating federal constitutional issues in the Southern District of California and the Ninth Circuit Court of Appeals. While at Federal Defenders from 2006 to 2010, I was recognized for my trial advocacy skills, holding the distinction of avoiding any conviction in 70% of my federal jury trials. In addition to my caseload as a trial attorney, I also trained other trial attorneys and contributed to the publication, "Defending a Federal Criminal Case," which was distributed to federal defenders and CJA attorneys throughout the United States. Since 2006, I have litigated in federal courts issues related to the violation of constitutional rights in over two hundred cases.

8. In 2010, I joined Seltzer Caplan McMahon Vitek, one of San Diego's top law firms with over 60 attorneys in its San Diego office. The vast majority of my practice at SCMV involved federal litigation in U.S. district courts, including complex civil litigation, federal white collar criminal litigation, and federal appointments as a member of the Criminal Justice Act panel for the Southern District of California (of which I was a member from 2010 through 2016).

9. In 2013, I left SCMV in good standing to open the Law Offices of Joseph M. McMullen, where I have focused almost exclusively on representing individuals in federal litigation involving the government – including federal civil rights, federal criminal, and federal securities civil litigation. The federal civil rights cases have involved 42 U.S.C. § 1983 constitutional cases, the Federal Tort Claims Act, and *Bivens* actions. My specialization in this area requires expertise in intricate and complex issues of immunity.

10. Throughout my eighteen-year legal career, I have served as lead or co-lead trial counsel in twenty-four high-stakes federal trials in the Southern District of California, the Northern District of California, and the District of Nevada, obtaining favorable jury verdicts for my clients in the majority of those trials. Of those twenty-four federal trials, seven have been federal civil trials asserting

constitutional claims with complex immunity issues. The majority of my civil trials have resulted in verdicts in favor of my clients. This year alone, I obtained three consecutive seven-figure verdicts in challenging federal civil rights trials as lead or co-lead counsel.

11. In 2014 and 2015, I served as an Adjunct Professor for the California Western School of Law's L.L.M. program in Trial Advocacy.

12. I have been recognized by the peer-reviewed publication SuperLawyers every year from 2015 through 2024.

13. Since 2013, I have been a member of the National Police Accountability Project (NPAP), the largest civil rights attorneys' organization in the country with around 600 attorney members litigating police misconduct cases. I currently serve on NPAP's Continuing Legal Education Committee. The Committee must formulate programming to teach some of the most successful and renowned attorneys in the country. In addition to serving on the committee, I have been a moderator of multiple NPAP seminars, and have been asked to be a featured speaker discussing how to leverage technology to improve trial advocacy.

14. My firm receives several calls and letters per month from citizens requesting that I represent them in different types of civil rights cases. The vast majority do not have the funds to pay for costs or attorneys' fees. Because of the complexity of the issues presented, the difficulties in proving these cases, the vigor with which they are defended and the time necessary to successfully pursue these claims, I must reject the vast majority of them. Police misconduct cases are notoriously difficult for plaintiffs. The risk in taking and pursuing cases like the instant case is great.

15. My firm often represents clients who are among the most vulnerable population of plaintiffs, who are unable to find attorneys willing to represent them. For example, I have represented and currently represent families of mentally ill decedents who died in custody from lack of care and/or violent attacks.

16. My firm is among the few firms in the community who are willing to undertake these cases for the above reasons. One of the reasons that so few attorneys are willing to undertake civil rights cases is the fact that they generally must be pursued on a contingent fee basis. This is true in the instant case. If plaintiffs do not prevail, their counsel does not get paid.

17. To effectively prosecute this cases, I had to commit a significant amount of time and expenses to this litigation on a contingency basis with absolutely no guarantee of being compensated at the end. I aggressively and vigorously prosecuted this case as soon as I was retained as co-counsel in anticipation of trial.

18. Leading up to and during trial, Ms. Peña, Ms. Jun and I divided the labor to most efficiently use our time and resources. When I was not addressing the jury or the Court, or examining witnesses, I used the majority of my in-court time to prepare the materials for our closing arguments.

19. Attached as Exhibit 1 are my timesheets setting forth the reasonable hours I have expended in this matter. All of my time was logged contemporaneously into an electronic database from which records were carefully compiled. The records were entered at the time work was performed. Further, all hours sought to be reimbursed were actually expended in every respect. My rates are not adjusted to account for the contingent nature of this case, the quality of the result obtained, or the expected delay in payment.

20. I reviewed Exhibit 1 and eliminated any hours related to administrative tasks that did not require attorney expertise.

21. As set forth in Exhibit 1, I have reasonably expended 132.8 hours in this matter.

22. Based on Carol Sobel, Esq.'s experience and understanding of the market rate for similarly situated civil rights attorneys in the San Bernardino/Los Angeles area, and in conjunction with my experience and skillset, my hourly rate of $975.00 per hour is reasonable.

23. Thus, based on my reasonable rate and the reasonable hours I expended on this matter, my fee incurred in this case is $129,480.00.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of October, 2024, in San Diego, California.

Dated: October 28th, 2024                    */s/ Joseph M. McMullen*
                                             Joseph M. McMullen

# EXHIBIT 1

# INVOICE

| | |
|---|---|
| From | **Law Offices of Joseph M. McMullen**<br>501 W. Broadway, Suite 1510<br>San Diego, CA 92101<br>Tel: 619-501-2000<br>Fax: 619-615-2264<br>joe@jmm-legal.com |

| | | | |
|---|---|---|---|
| Invoice For | **Enyart, William** | Invoice ID | 10125 |
| | | Issue Date | 10/28/2024 |
| | | Due Date | 10/28/2024 (Upon Receipt) |
| Subject | Attorney Time: Enyart v. San Bernardino County, Case No. 5:23-cv-00540-RGK-SHK | | |

| Description | Hours / Quantity |
|---|---|
| 05/08/2024 - Analyze order of Hon. R. Gary Klausner denying defense motion for summary judgment; office conference with D. Pena and G. Jun regarding case overview, trial strategy, division of labor, and next steps; telephone conference with G. Jun and expert Dr. Homer Venters; analyze Plaintiffs' expert designations and reports (Roger Clark, Dr. Mario San Bartolome, and Dr. Homer Venters; analyze defense designation and report of K. Wild, RN. | 6.20 |
| 05/09/2024 - Analyze deposition transcripts and exhibits of R. Conley and C. Martinez Umphlett; office conference with co-counsel to review trial exhibits; analyze audio transcriptions of deputy field interviews. | 6.30 |
| 05/10/2024 - Analyze deposition transcripts and exhibits of T. Skaggs and A. Snow; | 2.20 |
| 05/10/2024 - Analyze trial transcripts of federal civil trial before Hon. R. Gary Klausner (Marroquin v. LAPD) to identify the Court's procedural and timing idiosyncracies and preferences for upcoming trial. | 7.30 |
| 05/11/2024 - Analyze deposition of Dr. San Bartolome. | 2.20 |
| 05/12/2024 - Analyze deposition transcript and exhibits of Frances Enyart. | 3.60 |
| 05/13/2024 - Analyze deposition transcript (volumes I and II) and exhibits of Gregory Enyart. | 6.30 |
| 05/14/2024 - Analyze deposition transcripts and exhibits of Nicholas Enyart. | 2.10 |
| 05/15/2024 - Analyze deposition transcripts and exhibits of A. Kelley and Andres Suarez; office conference with co-counsel for finalizing trial exhibit list; videoconference with clients, Enyart Family. | 8.20 |
| 05/16/2024 - Analyze deposition transcript and exhibits of Dr. Homer Venters and Andres Zavala; meet and confer with opposing counsel regarding trial exhibits; outline and draft opening statement. | 8.10 |
| 05/17/2024 - Analyze deposition transcript and exhibits of minor Plaintiff A.E.; office conference regarding trial strategy and exhibits; videoconference with expert Dr. San Bartolome; analyze policy trial exhibits; revise opening statement. | 7.80 |

| | |
|---|---|
| 05/18/2024 - Analyze and identify clips of audio and video recording exhibits to play for jury; outline and draft witness examination of R. Conley; analyze reports of Dep. Chapdelaine, Dep. Mammolito, Dep. Mestas, and Dep. Rivas, and HDDC staffing logs. | 6.80 |
| 05/19/2024 - Travel (auto) from Law Offices of Joseph M. McMullen, 501 W. Broadway, Suite 1510, San Diego, CA 92101 to trial hotel lodging, 404 S. Figueroa St, Los Angeles, CA 90071 (122 miles). | 2.10 |
| 05/19/2024 - Review and prepare audio clips for cross-examination; analyze Verizon phone records; draft examinations of Snow, Skaggs, and Umphlett. | 6.80 |
| 05/20/2024 - Analyze and revise trial brief with emphasis on medical policies; draft proposed revisions to missing witness stipulation; conference with Dr. San Bartolome; edit, memorize and rehearse opening statement; revise witness examinations (Conley, Martinez Umphlett, Skaggs, Snow) and corresponding impeachment materials. | 7.90 |
| 05/21/2024 - Jury Trial Day 1: security screening; prepare counsel table; participate in jury selection; final practice of delivery of opening statement during lunch break; deliver opening statement. | 6.80 |
| 05/21/2024 - Roundtrip local travel between hotel lodging at 404 S. Figueroa St., Los Angeles, CA and Federal Courthouse at 255 E. Temple St, Los Angeles, CA. | 0.50 |
| 05/21/2024 - Conference with co-counsel regarding emerging trial themes and testimony development; revise examination of R. Conley and report and audio impeachment materials; analyze and identify additional policies for examinations of HDDC facility witnesses; analyze damages audiovisual exhibits. | 3.90 |
| 05/22/2024 - Jury Trial Day 2: security screening; address juror excusal issue with Hon. Judge Klausner; conduct witness examinations of R. Conley, C. Umphlett, A. Snow, and T. Skaggs; juror contempt issue and analyze/edit examinations during lunch break. | 7.70 |
| 05/22/2024 - Roundtrip local travel between hotel lodging at 404 S. Figueroa St., Los Angeles, CA and Federal Courthouse at 255 E. Temple St, Los Angeles, CA. | 0.50 |
| 05/22/2024 - Conference with co-counsel regarding trial themes and strategy; analyze jury instructions; outline, draft, prepare demonstratives for, revise and rehearse closing statement. | 6.80 |
| 05/23/2024 - Jury Trial Day 3: security screening; witness testimony; jury instructions conference; incorporate Day 3 testimony into closing argument during lunch break; deliver closing argument. | 7.90 |
| 05/23/2024 - Return travel from Federal Courthouse at 255 E. Temple St., Los Angeles, CA 92101 to Law Offices of Joseph M. McMullen, 501 W. Broadway, Suite 1510, San Diego, CA 92101 (121 miles). | 2.60 |
| 08/01/2024 - Mediation with private mediator Richard Copeland. | 6.80 |
| 09/27/2024 - Video conference with F. Enyart, G. Enyart, A. Enyart, D. Pena, and G. Jun regarding next steps and case strategy. | 1.00 |
| 10/22/2024 - Legal research regarding Section 1988 fee petition; correspondence with fee petition expert; draft declaration in support of Section 1988 fees. | 0.80 |
| 10/25/2024 - Conference with attorneys T. Scott and E. Iredale regarding attorney fees declarations; declarations in support of motion for attorneys fees. | 0.80 |

| | |
|---|---|
| 10/28/2024 - Review and draft edits to fee petition and attorney declaration; conference with D. Pena and G. Jun to analyze co-counsel timesheets for reasonable billing reductions; correspondence with attorney declarant G. Iredale regarding declaration revisions. | 2.80 |

**TOTAL ATTORNEY HOURS:**     **132.8**