Sharon J. Brunner, Esq. SBN 229931
Sharon.j.brunner@gmail.com
Law Office of Sharon J. Brunner
14393 Park Avenue, Suite 101
Victorville, CA 92392
Telephone: (760) 243-9997
Facsimile: (760) 843-8155

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES ENYART, Individually, and as Successor in Interest to WILLIAM ENYART, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, AARON CONLEY, DEPUTY C. UMPHLETT, ROD SKAGGS, DEPUTY SNOW, DEPUTY SILVA, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-00540-RGK-KK <br><br> **DECLARATION OF SHARON J. BRUNNER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988** |

# DECLARATION OF SHARON J. BRUNNER

I, SHARON J. BRUNNER, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. I was one of the attorneys of record for the Plaintiffs. James S. Terrell and I were the original Attorneys on the case and were retained by the Enyart Family within days of the death of their son Billie Enyart. Mr. Terrell and I decided to associate Ms. Dani Pena on the case as additional counsel. We had previously worked with Mr. Pena and the Chris Morris Law Firm in on another civil rights case against West Valley Detention Center and the County of San Bernardino. After consulting with the family Ms. Dani Pena was brought on the sometime in February of 2023. As of the date of May 24, 2024, I spent 149.40 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3. I am filing this Declaration in Support of Plaintiffs' Motion for Attorney's Fees and costs pursuant to 42 U.S.C. 1988.

4. I have maintained contemporaneous records and tracked my time in tenth of hours increments and maintained a record reflecting the work activity and the time spent on this case. In the course of preparing this motion, I have reviewed my time records and exercised billing judgment to reduce or omitted time that would not ordinarily be charged to (or by a fee-paying) client. I personally performed the work attributed to me in this billing statement and can personally attest to the hours I spent on this case have been reasonably expended in pursuit of this litigation. A copy of my time records (billing) for this matter is attached as **EXHIBIT A.** I am aware that Attorney James S. Terrell and I did not bill for numerous calls with the

family, text messages the family and other tasks that were completed on the case. Additionally, while Mr. Terrell and I were present for the trial in this matter during each and every hour that trial was in session we have not billed for that time.

5. I attended law school at the University of La Verne from 1998 until 2002, graduating on January 31, 2002.

6. Since 2004, I have managed my own law firm, which over the years consisted of Family Law, Criminal Law and Civil Rights matters.

7. Since 2014, I have been transitioning my firm from Family and Criminal Defense Law to Civil Rights. During the past nine years at the Law Offices of Sharon J. Brunner, I have worked extensively on civil rights cases involving the use of excessive force or denial of medical care resulting in death or great bodily injury. I am currently the attorney of record for approximately twenty-six (26) cases and have handled over seventy (70) civil rights cases. Over the last nine years. In the last the past nine (9) years, I have attended several civil rights seminars conferences in order to gain valuable knowledge concerning civil rights and worked with experts in the field on numerous cases including Dale K. Galipo, Esq.

8. I have tried hundreds of Family Law trials, in to working as the Attorney of record or co-counsel on numerous criminal defense cases, which have assisted me with the transition into civil rights litigation.

9. I currently have approximately twenty-six (26) active civil rights case which I manage and work. I have taken over seventy-five 75 depositions and handle written discovery, write complaints and respond to and prepare motions to dismiss and all dispositive motions.

10. In this matter, I played a key role within our legal team in assisting Attorney Pena and Attorney James Terrell in bringing this matter to trial. We prevailed with the jury verdict in favor of the Plaintiff.

11. The process involved in this case included obtaining and reviewing of custody jail records, video and audio footage from the jail body, West Valley Detention Center policies and procedures and related police reports. The videos and reports were time consuming and exhausting. After reviewing the video/audio taped and police reports, I reviewed the material with my police practice expert, summarizing the events as I had observed. Additionally, Mr. Terrell and I identified and interviewed other potential experts in this case to include a Board-Certified Addiction Specialist and a medical physician familiar with correctional medicine.

12. After reviewing the video/audio taped and police reports, I reviewed the material with our police practice expert, summarizing the events as I had observed through the videos and police reports. I also reviewed the same material with Co-counsel Attorney Jim Terrell. Due to the volume of the material and its intensity we reviewed the material on multiple occasions.

13. Additionally, I assisted in the case by preparing the Governmental Tort Claims, requested medical records, and along with James S. Terrell attended the Scheduling Conference, drafted a Protective Order, and assisting in depositions. I also assisted in opposing the Motion for Summary Judgment along with Attorney James Terrell and Attorney Dani Pena.

14. In this case there were massive amounts of video and related audio, I spent hours viewing and reviewing the video that factually supported our position.

15. I have been an Attorney of record on numerous cases that have settled for seven-figure awards, including the following cases:

- $2.3 million settlement in related jail abuse cases, which involved 33 inmates at the West Valley Jail, the cases included: Alcala et al v. County of San Bernardino et al; *Alejandro Camacho v. John McMahon; Michael Bishop et al v John McMahon et al; John Hanson et al v. John McMahon*

*et al; David Smith v. County of San Bernardino et al*; all related to violation of civil rights, prisoner abuse and excessive case. (March 2017);

- $650,000 settlement in *Pusok v. County of San Bernardino* (Deputy excessive force), (May 2014);
- $90,000 settlement *Kyrstle Dubose v. Domino's Pizza Franchise, et al* (racial discrimination) (2017)
- $33.5 million jury verdict in *Archibald v. County of San Bernardino* (police shooting with Dale Galipo), (May 2017). This case later settled for 10 million and $500,000 in Attorneys' Fees;
- $1.9 million settlement in *Lozano v. County of San Bernardino* (denial of medical care – jail death case) (January 2018);
- $50,000 *Mary Siva v. County of San Bernardino, et el (unlawful detention) (2018);*
- $98,000 *Debra Blakemore et al v. John McMahon, et al County(unlawful detention)(2017)*
- $350,000 settlement in *Geraldo Vasquez v. County of San Bernardino County* (excessive force/), (June 2018);
- $100,000 settlement in *Crosthwaite* v. *County of San Bernardino et (excessive force) (2018);*
- $390,000 settlement *in Robert Molina v. San Bernardino (*jail death case- failure to monitor.) (2019)
- $2.1 million dollar settlement *T.M., GAL Jerry Phillips (Juana Phillips) v. County of San Bernardino* (Excessive force – deadly use of force.) (2019);
- $500,000 settlement in *Jono Liebrenz v. County of San Bernardino* (failure to monitor-jail death), (August 2020);
- $2,495,000 combined settlement on the *Mariana Tafoya, Weslie Yarber and minors L.Y., N.Y. and J.Y v. the City of Barstow Police Department.* (Officer involved shooting. Excessive force.) (2020);

5

DECLARATION OF SHARON J. BRUNNER    5:23-CV-00540-RGK-KK

- $300,000 *Lola Sprowl v. City of Barstow,* et al (wrongful death) (2020)
- $600,000 *v. City of Hemet, et al* (excessive force, deadly force-shooting) (2020);
- $265,000 settlement in *Ames v. County of San Bernardino (*jail death- failure to monitor) (2021);
- $1.2 million settlement in *Perry Belden v. County of San Bernardino (*Failure to provide medical care- loss of limbs due to sepsis) (2021);
- *$995,000 Brown v. County of San Bernardino, et al (excessive force. Deputy involved shooting) (2021);*
- *$80,000 Sacapano v. County of San Bernardino, et al (*excessive force) (2021);
- $1.6 million combined settlement for all Plaintiffs, *Allen v. San Bernardino, (Excessive force-deadly force);*
- $350,000 *Juan Bermudez V. San Bernardino (*Excessive- force deadly force);
- $500,000 *Donastorg v. City of Ontario, (Excessive Force)(2021);*
- $1.4 Million, *Alexander Herd v. State of California County, (Excessive force. Officer involved shooting).*
- $750,000 *Joseph McLaughlin v. San Bernardino County, (Excessive force-deadly force).*
- $1,250,000 *Cecilia Vargas v. County of San Bernardino, (wrongful death-excessive force).*
- $100,000 *Blackmore v. County of San Bernardino (Shooting of a family dog)*
- $350,000 *Devon King v. San Bernardino County, (Excessive force)*
- $265,000 *Ralphie Lopez v. City of Fontana, (Excessive force)*

On September 23, 2021, the Honorable Judge Jesus Bernal ordered that my hourly rate be set at $600.00 per hour in the *Donastorg v. City of Ontario* 5:18-cv-00992-JGP-SP.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this October 18th day of July, 2024, in Victorville, California.

                           */s/ Sharon J. Brunner*
                           Sharon Brunner

# EXHIBIT A

Case 5:23-cv-00540-RGK-SHK   Document 224-5   Filed 10/30/24   Page 8 of 11   Page ID #:5414

**Sharon J. Brunner**  *Frances Enyart, et. al v. County of S.B. et.al.*
**Timekeeping Record**  Case No 5:23-cv-00540-RGK-SHK

| Date | Description | Hours |
|---|---|---|
| 08.04.2022 | Meeting with the clients Fran Enyart, Gregory Enyart, and Guardian Ad Litem Amanda Kelley. Obtained facts about case, viewed Nicholas Enyart vehicle and took photographs of damage to vehicle. Obtained retainer agreements. Discussion between after clients left office concerning action plan, next steps and deadline for tort claim. Scanned Attorney-Client Fee Agreements and Conflict Waivers. | 1.8 |
| 08.05.2022 | Began drafting Governmental Tort Claims for Frances Enyart, Gregory Enyart and Guardian Ad Litem on behalf of minor child A.E. | .7 |
| 08.10.2022 | Worked on Governmental Tort Claims for Frances Enyart, Gregory Enyart and Guardian Ad Litem on behalf of minor child A.E. | 1.1 |
| 08.16.2022 | Finalized Governmental Tort Claims and prepared documents for service. Contacted Process Server to serve the Governmental Tort Claims. | 1.7 |
| 09.26.2022 | Received recorded call sent by Frances Enyart. Listened to the recorded call along with co-counsel James S. Terrell. Recorded call with a Watch Commander at the Coroner Office (20-minute call). | .5 |
| 10.05.2022 | Reviewed and scanned of Governmental Tort Claim which was denied on September 28, 2022. | .2 |
| 10.31.2022 | Sent Tort Claim and other information to Dani Pena, Esq. | .4 |
| 02.20.2023 | Text message to Dani Pena, Esq. regarding setting up a time to jointly meet with clients. | .1 |
| 02.23.2023 | Zoom meeting with clients and Dani Pena, Esq. Introduced Dani Pena, Esq. to the family and the case. Discussion regarding the case with family and all three Attorneys. | .9 |
| 03.14.2023 | Text message with a copy of Tort Claim denial to Dani Pena, Esq. to confirm the deadline for filing of the complaint. Text messages related to obtaining the jail records and the initial charges at arrest for Billie Enyart. | .1 |
| 03.23.2023 | Text messages to and from Dani Pena, Esq. regarding receipt of the West Valley Detention Center medical records and related records for Billie Enyart. | .1 |
| 03.24.2023 | Review of West Valley Detention Center records for Billie Enyart (66 pages). | 1.6 |
| 03.27.2023 | Review of Dkt. 1 – Filing of the Complaint for the matter. | .1 |
| 03.27.2023 | Text messages with co-counsel Dani Pena, Esq. regarding similar cases against the County of San Bernardino where vital information from families was not provided to jail staff where injuries or death was suffered. | .2 |
| 04.03.2023 | Review of Application for Appointment of Guardian Ad Litem for A.E. Dkt. 20 | .1 |
| 04.08.2023 | Zoom meeting with clients and all counsel. Status os case meeting. | .8 |
| 06.13.2023 | Review of Stipulation extending time to answer the complaint. Dkt. 24. | .1 |
| 06.13.2023 | Review of Judge's Standing Orders. Dkt. 25. | .2 |
| 06.28.2023 | Review of Dkt. 32 Order to Show Cause re Dismissal for Lack of Prosecution re Deputy Silva. | .1 |
| 07.03.2023 | Text messages to and from Dani Pena, Esq. regarding the 12b6 motion contemplated by the County of San Bernardino. Discussed amending complaint. | .1 |
| 07.18.2023 | Review of Dkt. 37 Order Setting Scheduling Conference in the case. | .1 |
| 07.24.2023 | Review of Dkt. 38 First Amended Complaint. | .1 |
| 07.25.2023 | Review of Dkt. 50 Amended Scheduling Order. | |

**Sharon J. Brunner**  *Frances Enyart, et. al v. County of S.B. et.al.*
**Timekeeping Record**  Case No 5:23-cv-00540-RGK-SHK

| Date | Description | Hours |
|---|---|---|
| 08.01.2023 | Text to and from Dani Pena, Esq. regarding successor in interest to Billie Enyart related to an email from Defendant's counsel. Review of email from Kellie Shin, County Counsel for County of San Bernardino County. | .2 |
| 08.08.2023 | Review of Dkt. 52 Notice of Motion and Motion to Dismiss Amended Complaint. | .5 |
| 08.28.2023 | Court Appearance – Scheduling Conference Los Angeles. Met with Defense Counsel Jacob Ramirez after the hearing. | .6 |
| 08.29.2023 | Review of Answer to Amended Complaint Dkt. 64. | .5 |
| 09.18.2023 | Review of Dkt. #65 Selection of Panel Mediator Richard Copeland. | .1 |
| 11.09.2023 | Drafted Proposed Protective Order | .8 |
| 11.09.2023 | Telephone call with Defense Counsel Jacob Ramirez regarding Protective Order, Initial Disclosures, Plaintiffs' Excessive Force Claims, Deposition of clients. | .3 |
| 11.22.2023 | Review of Dkt. #67 Application for Protective Order for Discovery. | .1 |
| 01.10.2024 | Reviewed discovery responses from the Defendants to include recordings and the Homicide Investigation. | 2.9 |
| 01.15.2024 | Telephone call with co-counsel Dani Pena, Esq. regarding possible involved in case of I. Guzman and Deputy Garcia. | .4 |
| 01.16.2024 | Reviewed 9-1-1 Audio and other audio from day Billie was arrested. | 1.0 |
| 01.16.2024 | Telephone call with co-counsel Dani Pena, Esq, regarding Enyart deposition and strategy. | .5 |
| 01.17.2024 | Prepared Amanda Kelley for her deposition via telephone. Amanda Kelley's deposition set for January 18, 2024. | .5 |
| 01.22.2024 | Zoom meeting with potential expert witness Dr. Mooney. | .6 |
| 01.22.2024 | Telephone call with potential expert witness Dr. Contreras. | .2 |
| 01.23.2024 | Reviewed video surveillance provided by Defendants. West Valley Detention Center videos reviewed and discussed with co-counsel James Terrell. | 4.9 |
| 01.23.2024 | Spoke with Roger Clark, Plaintiff's Police Practices Expert. | .8 |
| 01.24.2023 | Review of Discovery/Disclosures from the County. Reviewed multiple video and audio recordings. | 3.8 |
| 01.31.2024 | Calendared depositions based on an email from Co-Counsel. | .3 |
| 01.31.2024 | Review of Discovery/Disclosures from the County. Reviewed multiple video and audio recordings. | 6.5 |
| 02.01.2024 | Email to potential expert witness Dr. Mario San Bartolome | .1 |
| 02.01.2024 | Telephone call with all Plaintiffs' counsel regarding email from County Counsel related to the Amended Complaint | .3 |
| 02.02.2024 | Zoom consultation with potential expert witness Dr. Mario San Bartolome. | 1.1 |
| 02.08.2024 | Prepared for the taking of Deputy Zavala's deposition | 4.8 |
| 02.09.2024 | Took the deposition of Deputy Zavala from 9:45 a.m. to 11:28 a.m. | 1.8 |
| 02.09.2024 | Telephone call with all Plaintiffs' counsel regarding the Court's 2/08/2024 ruling, depositions of Suarez, Zavala and future depositions. | .5 |
| 02.12.2024 | Telephone call with Plaintiff Counsel Team/Expert Dr. Venters. | .5 |
| 02.14.2024 | Prepared A.E. for her deposition along with James Terrell and Dani Pena (telephone). | .9 |
| 02.14.2024 | Defended the deposition of A.E. (10:00 a.m. until 11:15 a.m.) | 1.3 |

**Sharon J. Brunner**  *Frances Enyart, et. al v. County of S.B. et.al.*
**Timekeeping Record**  Case No 5:23-cv-00540-RGK-SHK

| Date | Description | Hours |
|---|---|---|
| 02.21.2024 | Reviewed the video of Billie Enyart being taken into Intake at High Desert Detention Center. Discussion of video and findings with James Terrell, co-counsel. | 2.10 |
| 02.21.2024 | Telephone call with co-counsel Dani Pena, Esq. regarding the video of Billie Enyart at High Desert Detention Center intake. | .8 |
| 02.21.2024 | Second call with all three Plaintiffs' Attorney's regarding Deputy Conley's deposition. | .3 |
| 02.22.2024 | Reviewed Intake video at High Desert Detention Center with Deputy Conley and Nurse at Intake. Reviewed/listened to death notification multiple times. Telephone call with co-counsel Dani Pena, Esq. regarding Plaintiffs' experts. | .6 |
| 03.07.2024 | Reviewed Motion for Summary Judgment re-filed by Defendants. Dkt. 88 | .3 |
| 03.11.2024 | Telephone call with co-counsel Dani Pena, Esq. regarding the Motion for Summary Judgment filed by the Defendants. Assignments delineated for division of duties. | .5 |
| 03.11.2024 | Drafted declaration to oppose the Defendants Motion for Summary Judgment | 6.4 |
| 03.13.2024 | Attended Mediation with Richard Copeland, Mediator via Zoom. (10:00 a.m. to 2:00 p.m.) | 4.0 |
| 03.17.2024 | Plaintiffs' Responses and Opposition to Defendants' Uncontroverted Facts Section | 9.9 |
| 04.01.2024 | Email to opposing counsel regarding motion in limine, proposed stipulation to exclude photographs, audio and video of medical professional's post death. | .6 |
| 04.22.2024 | Reviewed Ruling on the Motion for Summary Judgment filed by the Defendants. Dkt. 118. Telephone all with co-counsel Dani Pena, Esq. | |
| | **Total Hours Billed:** | **73.4** |
| | **Reasonable Lodestar Rate:** | **$600** |