closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00540-RGK-SHK | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Frances Enyart et al. v. County of San Bernadino et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Attorney Fees [DE 224]

## I.  INTRODUCTION AND BACKGROUND

On March 27, 2023, Frances Enyart, individually and as successor in interest to William Enyart; Gregory Enyart, and A.E., by and through her guardian ad litem, Amanda Kelley (collectively, "Plaintiffs") filed a Complaint against San Bernadino County (the "County") and several County employees asserting claims under 42 U.S.C. § 1983 arising out of William Enyart's death while in County custody. (ECF No. 1.) The case proceeded to a jury trial. On May 24, 2024, the jury returned a verdict against the County on Plaintiffs' 42 U.S.C. § 1983 claim, awarding Plaintiffs $6.4 million in damages. (ECF No. 182.)

Presently before the Court is Plaintiffs' Motion for Attorneys' Fees. (ECF No. 224.) For the following reasons, the Court **GRANTS** the Motion in substantial part, awarding Plaintiffs $1,014,830 in attorneys' fees, and $42,900.85 in costs.[1]

## II.  JUDICIAL STANDARD

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). In an action brought under 42 U.S.C. § 1983, however, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

After a party has shown that they are entitled to attorneys' fees, the Court determines a reasonable fee award. In the Ninth Circuit, district courts calculate an award of attorneys' fees by calculating the "lodestar." *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).

---

[1] Plaintiffs' requested costs are not disputed.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00540-RGK-SHK | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Frances Enyart et al. v. County of San Bernadino et al.* | | |

The "lodestar" amount is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.*

### III. DISCUSSION

It is undisputed that Plaintiffs are entitled to their reasonable attorneys' fees because they prevailed on their 42 U.S.C. §1983 claim against the County.[2] Plaintiffs request $1,031,220 in attorneys' fees. The County argues the attorneys' fees should be reduced because both the time expended by the attorneys and their rates are unreasonable. The Court addresses the reasonableness of the time expended by Plaintiffs' attorneys and their hourly rates in turn.

#### A. Hours Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Here, Plaintiffs submitted time records detailing the specific work their litigation team performed. Plaintiffs were represented by four lawyers, Ms. Pena, Ms. Jun, Mr. McMullen, Ms. Brunner, and Mr. Terrell, and one legal secretary, Ms. Pierce. The attorneys spent 695.6, 249.2, 132.8, 73.4, and 110.9 hours, respectively, working on the case. Ms. Pierce spent 176.6 hours working on the case. The County argues the hours submitted by Plaintiffs' counsel are unreasonable because many of their tasks were duplicative and unnecessary. Specifically, the County takes issue with the time expended by Ms. Jun, Mr. McMullen, and Ms. Pierce.[3]

---

[2] Although the County does not dispute that Plaintiffs are entitled to attorneys' fees, it argues the Court should deny the Motion because Plaintiffs did meet and confer with the County in a timely manner before filing it. *See* C.D. Cal. L.R. 7-3. Given its familiarity with the parties and proceedings in this case, the Court declines to do so.

[3] In addition to the arguments discussed below, the County asks the Court to reduce Plaintiffs' total fees by 10 to 15% because their attorneys utilized block-billing. Curiously, the County does not cite a single example of block-billing or identify which attorney's time is purportedly block-billed. This makes the Court's inquiry tremendously difficult given the number of time entries submitted with Plaintiffs' Motion and considering the Court cannot apply across-the-board discounts due to block-billing, it must specifically identify the hours which are being discounted. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *see Aviva USA Corp. v. Vazirani*, 2012 WL 2503962, at *3 (D. Ariz. June 28, 2012) (declining to apply "across-the-board" reduction to plaintiff's attorneys' fees where defendants failed to identify which hours were problematic). Regardless, the Court's finds that Plaintiffs' attorneys' entries are detailed enough for the Court to assess the reasonableness of the hours billed, so a reduction for block billing is not warranted. *See Dytch v. Lazy Dog Rests., LLC*, 2019 WL 3928752, at *6 (N.D. Cal. Aug. 16, 2019).

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00540-RGK-SHK | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Frances Enyart et al. v. County of San Bernadino et al.* | | |

1. *Ms. Jun*

The County argues Ms. Jun billed 249.2 hours despite joining the case just a month before trial, which is unreasonable considering that figure represents 35% of the total time Ms. Pena billed despite being on the case for over a year. The County further argues that many of Ms. Jun's tasks were duplicative of work done by Ms. Pena, including Ms. Jun's time spent attending mediation, preparing for trial, reviewing discovery, and preparing and reviewing pleadings. The Court disagrees.

First, the fact that Ms. Jun's hours are high relative to Ms. Pena's total hours is of no consequence. It is no secret that the weeks leading up to trial are particularly demanding for lawyers, and Ms. Jun joined the litigation team shortly before trial. Second, the County does not explain why Ms. Jun's purportedly duplicative time was unreasonable considering the substantial role she played at trial. Ms. Jun questioned Plaintiffs' retained experts and Frances Enyart, William Enyart's mother. She also cross-examined three of the four defense witnesses. Even if some of Ms. Jun's tasks as identified by the County were duplicative of work done by Ms. Pena, that duplication was necessary. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("One certainly expects *some* degree of duplication as an inherent part of the [litigation] process.") (emphasis in original).

Ms. Jun's hours expended are reasonable.

2. *Mr. McMullen*

The County argues Mr. McMullen's time should not be considered altogether because much of his work, including his time spent reviewing deposition testimony, communicating with experts, and otherwise preparing for trial, was duplicative of work done by Ms. Jun and Ms. Pena. Again, the County does not explain why any duplication was unreasonable considering McMullen presented the opening and closing arguments and examined several County employees at trial. Even if some of his tasks, as identified by the County, were duplicative of work done by Ms. Jun and Ms. Pena, any duplication was necessary. *See Moreno*, 534 F.3d at 1112.

The County further argues Plaintiffs did not need Mr. McMullen at trial and suggest he was added to the team so that Plaintiffs could secure a fee "windfall" in the event they secured a favorable verdict. This argument is not convincing. It is not uncommon for an attorney to be brought on to examine certain witnesses or, in particular, deliver the opening and closing statements like Mr. McMullen did in this case. And the concern that Mr. McMullen was added to the team to secure Plaintiffs a windfall is unrealistic considering the Ninth Circuit has held that plaintiffs attorneys have less incentive to inflate their fees in contingency cases like this one because the payoff is too uncertain. *Moreno*, 534 F.3d at 1112.

Mr. McMullen's hours expended are reasonable.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00540-RGK-SHK | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Frances Enyart et al. v. County of San Bernadino et al.* | | |

3.  *Ms. Pierce*

The County argues that Ms. Pierce's 176.6 claimed hours should be reduced by the 50.4 hours she billed for attending trial because Plaintiffs already had three attorneys billing at trial. Plaintiffs agree that Ms. Pierce's time should be reduced accordingly.

Ms. Pierce's hours expended are accordingly reduced to 126.2.

**B.     Reasonable Hourly Rate**

Reasonable fees under Section 1988 are calculated according to the prevailing market rates in the relevant legal community. *Gates*, 987 F.2d at 1405. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Plaintiffs seek $800 an hour for Ms. Pena and Ms. Jun, $975 an hour for Mr. McMullen, $600 an hour for Ms. Brunner and Mr. Terrell, and $200 an hour for legal secretary Ms. Pierce.[4] Plaintiffs' attorneys each submitted declarations in support of the reasonableness of their rates. Plaintiffs also submitted declarations from other civil rights practitioners demonstrating Ms. Pena, Ms. Jun, and Mr. McMullen's skill, experience, and reputation. Plaintiffs also submitted declarations from experts regarding the reasonableness of their rates relative to other civil rights practitioners in the Central District of California.

The County argues Plaintiffs have failed to meet their burden in establishing the reasonableness of their rates and submit that each attorney should be entitled to $500 an hour.

Based on the submitted materials, the Court's review of the Real Rate Report, and the Court's familiarity with the current local market, the Court finds that the requested rates for Ms. Pena, Ms. Jun, Mr. McMullen, Ms. Brunner, and Mr. Terrell are reasonable. Fees awarded by other judges in the Central District of California confirm as much. *See Smith v. City of La Verne*, 2024 WL 4331733, at *3 (C.D. Cal. Sept. 4, 2024) (awarding $850 an hour to a civil rights lawyer with experience comparable to Ms. Pena and Ms. Jun); *French v. City of L.A.*, No. 20-CV-00416-JGB-SP (C.D. Cal. Feb. 21, 2024) (awarding $975 an hour to a civil rights lawyer with experience comparable to Mr. McMullen); *Donastorg v. City of Ontario*, 2021 WL 6103545, at *8 (C.D. Cal. Sept. 23, 2021) (awarding $600 per hour to Mr. Terrell and Ms. Brunner).

---

[4] Ms. Pena and Ms. Jun both have twelve years of experience as civil rights attorneys while Mr. McMullen has eighteen years of experience. Ms. Pierce has twenty years of experience as a legal secretary.

closed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00540-RGK-SHK | Date | December 13, 2024 |
|---|---|---|---|
| Title | *Frances Enyart et al. v. County of San Bernadino et al.* | | |

    The County further argues that legal secretary Ms. Pierce's rate should be reduced to $30 an hour because her tasks were purely clerical. The Court disagrees. The County did not cite a single time entry that reflects Ms. Pierce's work on the case was clerical in nature. To the contrary, her entries reveal she was involved in conducting research, drafting various stipulations, and ensuring compliance with the local rules. These are not clerical tasks. Nonetheless, the Court finds that the requested rate of $200 an hour for Ms. Pierce is excessive. Accordingly, the Court reduces the amount to $150 an hour. *See Rolex Watch USA, Inc. v. Zeotec Diamonds, Inc.*, 2021 WL 4786889, at *4 (C.D. Cal. Aug. 24, 2021) (awarding $150 an hour for litigation support staff).

    **C.**    <u>**Lodestar Calculation**</u>

    The Court adopts the following breakdown of the total fees in this case:

| Attorney/Staff | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Ms. Pena | 695.6 | $800 | $556,480 |
| Ms. Jun | 249.2 | $800 | $199,360 |
| Mr. McMullen | 132.8 | $975 | $129,480 |
| Ms. Brunner | 73.4 | $600 | $44,040 |
| Mr. Terrell | 110.9 | $600 | $66,540 |
| Ms. Pierce | 126.2 | $150 | $18,930 |
| **Total** | **1,388.1** | | **$1,014,830** |

    Accordingly, Plaintiffs are entitled to $1,014,830 in attorneys' fees. Plaintiffs are also entitled to $42,900.85 in costs.

    **IV.**    <u>**CONCLUSION**</u>

    For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion in substantial part, awarding Plaintiffs $1,014,830 in attorneys' fees, and $42,900.85 in costs.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |